[Cite as *State v. O'Grady*, 2016-Ohio-1275.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-15-015

    Appellee                              Trial Court No. 14 CR 983

v.

Jason M. O'Grady                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  March 25, 2016

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Christopher M. Marcinko, for appellant.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** Appellant, Jason O'Grady, appeals the judgment of the Sandusky County

Court of Common Pleas sentencing him to eight years in prison and suspending his

driver's license, for life, following his plea of guilty to aggravated vehicular homicide.

For the reasons set forth below, we reverse the judgment, vacate the plea and sentence, and remand the matter for further proceedings.

{¶ 2} An indictment was issued against O'Grady after an October 24, 2014, one-vehicle motorcycle accident which resulted in the death of his passenger, Tianna V. Graham. Count 1 of the indictment alleged O'Grady violated R.C. 4511.19(A)(1)(A), operating a vehicle under the influence, a misdemeanor. Count 2 of the indictment alleged O'Grady violated R.C. 4511.19(A)(2), operating a vehicle under the influence, a misdemeanor. Count 3 of the indictment alleged O'Grady violated R.C. 4510.14, driving under OVI suspension, a misdemeanor of the first degree. Count 4 of the indictment alleged O'Grady violated R.C. 2903.06(A)(1), aggravated vehicular homicide, a felony of the second degree. Counsel was appointed and O'Grady entered pleas of not guilty to all charges in the indictment.

{¶ 3} O'Grady entered into plea negotiations with the state. O'Grady agreed to enter a plea of guilty to Count 4 of the indictment in exchange for the state's dismissal of the remaining charges. A plea hearing was held December 23, 2015, and the following colloquy took place:

THE COURT: * * * Mr. O'Grady, I need to talk to you. I need to make sure you're making a knowing, intelligent and voluntary waiver of all your Constitutional rights in entering this plea. Do you understand?

THE DEFENDANT: Yes, Ma'am.

2.

THE COURT: Okay. Then I'm going to start here with the form. You can follow along and – I've got it in writing there. If you want to read along with the – the Court, that's fine. I won't be reading it verbatim, but I'll read a lot of it into the record. It states, you Jason O'Grady * * * desire to enter a plea of guilty to the crime of aggravated vehicular homicide in Count 4 under the indictment, which you've been advised is a second degree felony, a violation of 2903.06(A)(1). Is that what you wish to do today?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: Okay. You could be imprisoned for a term of two to eight years for each count of a second degree felony; do you understand that?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: Okay. You're also subject to financial sanctions, including a fine of $15,000 for each count of a second degree felony; restitution of the victim of your crime, if any; reimbursement of the cost of this case and could include reimbursement of the costs incurred in your community sanction, if any; do you understand?

THE DEFENDANT: Yes, ma'am.

The court then discussed the constitutional rights O'Grady would be giving up by entering a plea of guilty. The court instructed O'Grady that "[i]f a prison term is imposed in this case, you're subject to a period of Post-Release Control for three years after your prison term, and if you violate Post Release Control, you could be sentenced to an additional term of prison up to nine months for each violation up to a maximum of half of the original sentence." At the request of the state, the court took an allocution from the defendant regarding the facts of his plea. Thereafter, the trial court accepted the guilty plea and found O'Grady guilty of aggravated vehicular homicide. He was remitted to the Adult Probation Department for a presentence investigation.

{¶ 4} A sentencing hearing was held on April 8, 2015. However, before the court issued its sentence, the state brought two "preliminary matters" to the court's attention as follows:

> [STATE]: Yes, your Honor. Thank you. Defendant changed his plea to Count 4, aggravated vehicular homicide, as a felony of the second degree. The penalty section of the indictment indicates that a term of two to eight years imprisonment and * * * up to five -- $15,000. The – the last sentence indicates the Court shall impose a mandatory prison term on the offender as described in section – in Division E of this section. There is a mandatory prison time as part of this sentencing structure by the statute. The – the Change of Plea, which we entered in this Court last time we were here did not have that specific language in Paragraph 1, the penalty section.

It says, "I could be imprisoned for a term of * * * two to eight years for each charge of the second degree," so it did not carry over that language as it usually does.

I have spoken with [O'Brien's attorney], and I believe she's spoken with the Defendant. I believe he's prepared to waive any defect in Change of Plea form and acknowledge that he understands that any prison term would be – imposed would be mandatory.

Secondly, there is no indication in the Change of Plea form that there is a lifetime license suspension as part of this penalty, and I believe he's also going to acknowledge that he understands that and waives any defect in the Change of Plea form regarding the lifetime suspension, and then we would ask to be heard prior to sentencing.

{¶ 5} O'Grady was sentenced to eight years in the Ohio Department of Rehabilitation and Corrections and his driver's license was suspended for life. He now appeals and asserts a single assignment of error for our review:

The appellant's plea of guilty must be vacated as it was not entered with full advice of the consequences as required by Crim.R. 11 and the Due Process Clause of the Constitution of the United States and could not have been knowing and voluntary.

{¶ 6} In his sole assignment of error, O'Grady contends that the trial court did not substantially comply with Crim.R. 11(C) when it failed to notify him, prior to accepting

5.

his guilty plea, of the lifetime driver's license suspension and the mandatory nature of the 2-8 year prison sentence.

{¶ 7} In response, the state contends that while the trial court did not, at the plea hearing, specifically explain that the prison sentence would be mandatory, it did advise O'Grady of the mandatory nature of the prison sentence at the sentencing hearing. The state did not address O'Grady's argument concerning the trial court's failure to notify him of the lifetime driver's license suspension prior to sentencing.

{¶ 8} Crim.R. 11(C)(2) states, in relevant part, as follows:

In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for

6.

obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 9}** As noted by O'Grady, this court has previously held that "[i]nforming a defendant in a written plea agreement of an operator's license suspension as the result of a guilty plea constitutes substantial compliance with Crim.R. 11, irrespective of whether an oral notice is also given." *State v. Minton*, 6th Dist. Ottawa Nos. OT-13-030, OT-13-031, 2014-Ohio-2218, ¶ 11. In so holding, we distinguished *Minton* from the Second District Court of Appeal's decision in *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, a case directly on point.

**{¶ 10}** In *Walz*, the sentencing court made no mention of a mandatory license suspension during the plea colloquy or on the plea form. When a due process argument was made on appeal, the Second District Court of Appeals held "[t]he trial court's failure in this regard prejudiced Walz to the extent that his plea was rendered in less than a knowing, intelligent, and voluntary manner, thus requiring that his conviction * * * be reversed." The *Walz* court explained:

A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. * * * However, substantial compliance with Crim.R. 11(C) is sufficient when waving non-constitutional rights. * * * The non-constitutional rights

that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. *Walz* at ¶ 11 (citations omitted).

We agree with *Walz* and extend the Second District's reasoning and holding to the case before us.

{¶ 11} The same consideration applies to the trial court's failure, before accepting a guilty plea, to notify O'Grady of the mandatory nature of the prison sentence he would be receiving. During the plea hearing the trial court stated, "[y]ou could be imprisoned for a term of two to eight years for each count of a second degree felony." Later, when discussing postrelease control, the sentencing court indicated, "[i]f a prison term is imposed in this case, you're subject to a period of Post Release Control for three years after your prison term." Neither statement accurately reflected the mandatory nature of the penalty.

{¶ 12} Pursuant to the above, we find that O'Grady's plea was rendered in less than a knowing, intelligent, and voluntary manner. O'Grady's assignment of error is found well-taken.

{¶ 13} The judgment of conviction is reversed. O'Grady's plea and sentence are vacated, and the matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed to appellee under App.R. 24.

Judgment reversed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.             _____
                                                    JUDGE

Arlene Singer, J.                     _____

James D. Jensen, P.J.           JUDGE
CONCUR.

                                                  _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.