[Cite as *State v. O'Grady*, 2017-Ohio-4473.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-16-029

      Appellee                              Trial Court No. 2014CR0983

v.

Jason M. O'Grady                          **DECISION AND JUDGMENT**

      Appellant                              Decided:  June 23, 2017

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, for appellee.

Christopher M. Marcinko, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jason O'Grady, appeals from the June 9, 2016 judgment of the Sandusky County Court of Common Pleas convicting him of aggravated vehicular homicide, a violation of R.C. 2903.06(A)(1) and a felony of the second degree, following acceptance of his guilty plea, and sentencing him to a mandatory eight-year term of imprisonment and a mandatory Class 1 Ohio driver's license suspension for life.

{¶ 2} Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's court-appointed counsel has filed an appellate brief and motion to withdraw as counsel. He mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief, but he did not do so.

{¶ 3} Appellant's counsel states in his motion that he thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of *Anders*, appellant's counsel has submitted a brief setting forth two potential assignments of error:

POTENTIAL ASSIGNMENT OF ERROR ONE

Whether the trial court's sentence of the defendant was an abuse of the Court's sentencing discretion.

POTENTIAL ASSIGNMENT OF ERROR TWO

Whether the trial court erred by accepting appellant's plea despite several responses from the Defendant during the hearing which may lead to questions about Defendant's intentions in entering his plea.

{¶ 4} Appellant's appointed counsel has included arguments which support these assignments of error, but concludes that they are unsupported by the record and/or by the law. Therefore, he concludes that an appeal would be frivolous. We have reviewed the entire lower court's proceedings and have determined that there is no merit to the errors alleged by appellant's appointed counsel.

2.

**{¶ 5}** Our standard of review of a sentencing judgment is whether there is clear and convincing evidence in the record to support the findings of the court made under R.C. 2929.13(B)(2)(e), 2929.14(C)(14), or 2929.20(I) and whether the sentence is contrary to law. R.C. 2953.08(G)(2).

**{¶ 6}** Courts have broad discretion to impose any sentence that falls within the statutory guidelines. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 13, citing *State v. Foster*, 109 Ohio St.3d 1, 100, 2006-Ohio-856, 845 N.E.2d 470. In this case, the trial court was required by law to sentence appellant for a violation of R.C. 2908.06(A), a second-degree felony, to a mandatory prison term (R.C. 2908.06(B)(2)(a)) of two-to-eight years (R.C. 2929.14(A)(2)) and a lifetime driver's license suspension (R.C. 2908.06(B)(2)(d)).

**{¶ 7}** At the plea hearing, the state asserted it was prepared to present the following evidence at trial. Appellant was operating a motorcycle on October 24, 2014, in Fremont, Ohio, at 11:39 p.m., when he lost control of his motorcycle. A passenger on the motorcycle was injured in the accident and later died from her injuries. While appellant told the police the accident was caused by a car veering into his lane, a witness stated the accident was not caused by another car. The officers on the scene smelled a strong odor of alcohol coming from appellant and observed that he was unsteady on his feet and his movements were slow and methodical. Appellant admitted to drinking a few beers, with the last drink being consumed half an hour prior to the accident. Appellant refused to cooperate with field sobriety testing or to take a breath test. After a warrant

3.

was issued for a blood alcohol test, the police learned appellant had a blood alcohol content of .166 grams, which is above the limit for operating a motor vehicle. The court also reviewed a presentence investigation report and appellant's several adult offenses, including three offenses of driving while under the influence in 2001, 2002, and 2012 and multiple suspensions for driving while under suspension.

{¶ 8} At the sentencing hearing, the trial court judge stated she considered the principles and purposes of felony sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12, even though she did not recite the statutory sections. The court found there was no mitigating evidence in this case. The court noted that appellant's extensive record was primarily due to driving and alcohol and concluded the maximum sentence was necessary to keep appellant from driving as well as to punish him for the current offense.

{¶ 9} Upon a review of the sentencing hearing and judgment, we find there was clear and convincing evidence to support the trial court's imposition of the maximum sentence in this case and the sentence was not contrary to law. Appellant's first potential assignment of error is not well-taken.

{¶ 10} In his second potential assignment of error, appellant argues that the trial court erred by accepting appellant's plea when portions of appellant's responses during the plea hearing were inaudible. The first question was whether appellant understood he could stop the proceedings at any time to consult with his attorney. The second question was whether appellant wanted to enter a plea. In that situation, the court indicated that

4.

appellant had to audibly respond and appellant did so by stating "yes." Therefore, the second issue was resolved during the hearing.

{¶ 11} Crim.R. 11(C) requires that the trial court convey specific information to the defendant and engage in a dialogue with the defendant to ensure that he is entering a voluntary and intelligent plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26.

{¶ 12} The issue in this case is not the court's statements, but whether the trial court determined appellant understood the statement that he was free to consult with his attorney at any time. When we consider the entire plea hearing as a whole, it is clear in this case that appellant understood his right and ability to consult with his attorney and that the trial court understood appellant's response despite the fact that the court reporter was unable to hear appellant's response to the court's inquiry. Appellant's counsel indicated that he had discussed the plea with appellant. Appellant clearly responded to all other questions and did not enter any objections or indicate that he was confused. We also note that this was the second plea hearing in which appellant participated because his first guilty plea was vacated because the trial court failed to notify appellant his conviction would require a mandatory lifetime driver's license suspension and a mandatory term of imprisonment. *State v. O'Grady*, 2016-Ohio-1275, 62 N.E.3d 668, ¶ 13 (6th Dist.). Therefore, we find the second potential assignment of error is not well-taken.

5.

{¶ 13} Finally, this court has the obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record does not disclose any errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.

{¶ 14} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                   JUDGE

Arlene Singer, J.                          _____

James D. Jensen, P.J.                       JUDGE
CONCUR.

                                          _____
                                                   JUDGE

6.