[Cite as *State v. Felton*, 2017-Ohio-761.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27239 |
| | : | |
| v. | : | T.C. NO. 15CR3547 |
| | : | |
| WILLIAM D. FELTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___3rd___ day of _____March_____, 2017.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 E. Schantz Avenue, Dayton, Ohio 45409
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} William D. Felton pled guilty in the Montgomery County Court of Common Pleas to failure to notify, in violation of R.C. 2950.05, a felony of the third degree. The parties did not agree to a particular sentence, but the State agreed not to ask the court to impose any additional time for his violation of previously-imposed post-release control.

The trial court sentenced Felton to two years in prison and ordered him to pay court costs. In its judgment entry, the court disapproved Felton's placement in a program of shock incarceration or in the intensive program prison for the reasons "as stated on the record." Felton received 35 days of jail time credit.

{¶ 2} Felton's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no non-frivolous issues for appeal. Counsel stated that he had reviewed the plea and sentencing hearings, and that counsel had considered whether the trial court complied with Crim.R. 11, whether counsel rendered effective assistance, and whether the trial court abused its discretion in imposing its sentence. By entry, we informed Felton that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

{¶ 3} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 4} According to the presentence investigation in this case, in December 2002, Felton pled guilty to and was convicted of kidnapping (sexual activity) and rape (by force or threat of force), both first-degree felonies, in *State v. Felton*, Montgomery C.P. No. 2002 CR 2336. The trial court in that case sentenced him to six years on each count, to be served concurrently. The court also designated Felton a habitual sex offender, as then-defined by R.C. 2950.01(B), and it advised him of his requirements to register as a

sex offender. Felton was released from prison on June 29, 2008, and placed on post-release control.

{¶ 5} Since his release in June 2008, Felton has been in and out of prison. In January 2009, he was convicted of escape, for which he was sentenced to a mandatory term of two years in prison. *State v. Felton*, Montgomery C.P. No. 2008 CR 3439. Felton's post-release control in his prior case was revoked in December 2008. Felton was released from prison on November 10, 2010, and placed on post-release control.

{¶ 6} In February 2011, Felton was convicted in Greene County of an amended charge of failure to provide notice of a change of address, a fourth-degree felony. *State v. Felton*, Greene C.P. No. 2010 CR 645. He was sentenced to 15 months in prison. His post-release control in the escape case was revoked in April 2011. Felton was released from prison in March 2012, and again placed on post-release control.

{¶ 7} In July 2013, Felton was convicted in Greene County of an amended charge of attempted failure to register an address, a fourth-degree felony. *State v. Felton*, Greene C.P. No. 2013 CR 127. Felton received eleven months in prison, and his post-release control in his prior Greene County case was subsequently revoked. Felton was released from prison on February 17, 2014.

{¶ 8} In September 2014, Felton was convicted in Greene County of failure to register an address, a third-degree felony. *State v. Felton*, Greene C.P. No. 2014 CR 467. The court sentenced him to twelve months in prison. Felton's post-release control in Case No. 2013 CR 127 was revoked on October 15, 2014. Felton was released from prison on August 5, 2015, and again placed on post-release control.

{¶ 9} Shortly after his release on August 5, Felton registered an address at Dayton

Volunteers of America with the Montgomery County Sheriff's Office. While at Dayton VOA, Felton tested positive for opiates and was placed on restrictions at the facility. On November 9, 2015, Felton failed to return to Dayton VOA after being granted a "pass/itinerary" to seek employment; he was declared absent without leave. A week later on November 16, Felton was arrested by the Adult Parole Authority at a hotel in Fairborn, and he was transported to the Montgomery County Jail.

{¶ 10} On April 15, 2016, Felton was indicted for failure to notify, a third-degree felony. At the time of his indictment, Felton was incarcerated at the London Correctional Institution, and the record suggests that Felton had remained in custody from the time of his arrest. Although the PSI does not clarify the basis for his incarceration in prison, Felton's statements at his plea and sentencing hearings suggest that he was in prison as an administrative sanction for violating his post-release control, which had been imposed in Case No. 2014 CR 467. The PSI further indicates that Felton was jailed in Warren County on another matter from June 27, 2016 to July 20, 2016. Felton was held on this charge beginning on July 21, 2016.

{¶ 11} On August 11, 2016, Felton pled guilty to the charged offense. The parties had no agreement regarding the length of Felton's sentence, but the State agreed not to request any additional sentence for his violation of post-release control. The court accepted Felton's guilty plea and ordered a presentence investigation.

{¶ 12} On August 26, 2016, the trial court sentenced Felton to two years in prison and ordered him to pay court costs. The court disapproved of Felton's placement in a program of shock incarceration or in the intensive program prison. Felton received 35 days of jail time credit.

{¶ 13} Felton appeals from his conviction.

## II. *Anders* Review

{¶ 14} As stated above, appellate counsel indicated that he had considered whether the trial court complied with Crim.R. 11, whether it appropriately sentenced Felton, and whether trial counsel had rendered effective assistance.

{¶ 15} As an initial matter, we find that there are no non-frivolous issues related to the trial court's rulings prior to Felton's plea; few rulings were issued, and those rulings consisted of a detainer and entry order and an order granting a continuance. A plea of guilty is a complete admission of guilt. *E.g.*, *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. We find nothing in the trial court's pretrial rulings that would have precluded Felton from entering a knowing, intelligent, and voluntary plea.

{¶ 16} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that,

by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 17} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 18} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 19} Upon review of the transcript of the plea hearing, the trial court fully complied with the requirements of Crim.R. 11 regarding Felton's constitutional rights. The only potential error that we found with respect to Felton's non-constitutional rights concerns the trial court's failure to inform Felton during the plea colloquy that, pursuant

to R.C. 2929.141(A)(1), if it revoked his post-release control, it would be required to impose consecutive prison terms for the current offense and the post-release control violation. *See, e.g., State v. Welch*, 2d Dist. Clark No. 2016-CA-6, 2017-Ohio-314.

{¶ 20} There was some discussion during the plea hearing about whether Felton was on post-release control at the time of the plea. Felton and his attorney informed the court that the Adult Parole Authority had imposed an eight-month[1] sanction for the post-release control violation, and that Felton had completely served that sanction. The parties were unsure if the completion of that sanction released Felton from post-release control, and the parties and the court assumed that Felton continued to be on post-release control, given the parties' agreement that the State would not ask for a prison sentence for the post-release control violation.

{¶ 21} In notifying Felton of the potential sentence he faced, the court stated that he could receive financial sanctions, including a fine up to $10,000 and restitution, if any. The court also stated that it could send Felton to prison for a term of 9, 12, 18, 24, 30, or 36 months. The court notified Felton that, upon completion of any prison term, Felton could be required to serve three-years of post-release control and of the consequences if he violated post-release control. Finally, the court said, "Furthermore, if you're on post-release control and you're charged with a new felony, the sentencing court could also sentence you for violation of post-release control. * * * And that's kind of what we were talking about before we even began here." The court made no mention that any sentence imposed for a violation of post-release control was required to be consecutive to the prison term for the new offense.

---

[1] At sentencing, Felton said that the term was seven months.

{¶ 22} We note that the plea form did not inform Felton that the plea might result in revocation of his post-release control. The form also made no mention of the mandatory consecutive nature of any prison term the trial court might impose for the post-release control violation.

{¶ 23} Although the record reflects that the trial court failed to inform Felton that it could revoke his current post-release control and that, if it did so, it would be required to run the post-release control sentence consecutively to the prison sentence for the new offense, we find no arguably meritorious claim that this omission was prejudicial to Felton. The State told the trial court that it had agreed not to ask the trial court to impose a sentence for the post-release control violation, and at sentencing, the trial court did not revoke Felton's post-release control. Any claim about the trial court's error in this regard would be frivolous.

{¶ 24} We likewise find no non-frivolous claims regarding Felton's sentencing. In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 25} Felton's two-year sentence was within the appropriate sentencing range, and Felton was properly informed of his post-release control obligation and the consequences of post-release control. The court notified Felton of his obligation to pay

court costs. On the record before us, we find no indication that the trial court erred in its calculation of jail time credit.

{¶ 26} In imposing sentence, the trial court disapproved of a program of shock incarceration or intensive program prison. The trial court's judgment entry stated:

After reviewing the criminal history of the defendant, the pre-sentence investigation, the facts and circumstances of the offense, and any victim impact statement, the Court **DISAPPROVES** the defendant's placement in a program of shock incarceration under Section 5120.031 of the Revised Code, or in the intensive program prison under Section 5120.032 of the Revised Code, for the following reasons: **AS STATED ON THE RECORD**.

(Emphasis sic.) The transcript of the sentencing hearing states: "The Court further makes the following findings that I am disapproving placement of shock incarceration or intensive program prison."

{¶ 27} On its face, it is questionable whether the trial court's findings regarding shock incarceration and intensive program prison were adequate to comply with R.C. 2929.19(D). That statute provides:

The sentencing court, pursuant to division (I)(1) of section 2929.14 of the Revised Code, may recommend placement of the offender in a program of shock incarceration under section 5120.031 of the Revised Code or an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. *If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its*

*recommendation or disapproval.*

(Emphasis added). We have held that R.C. 2929.19(D) "requires that the trial court provide its reasons for disapproving shock incarceration or the intensive program prison, not merely that the record supports reasons for disapproval that the trial court might have had, but did not express." *State v. Allender*, 2d Dist. Montgomery No. 24864, 2012-Ohio-2963, ¶ 26. *But see State v. Stapleton*, 2d Dist. Champaign No. 2016-CA-6, 2016-Ohio-7806 (distinguishing *Allender*).

**{¶ 28}** Regardless of whether the trial court's findings were adequate, Felton was statutorily ineligible to participate in shock incarceration and intensive program prison. Under R.C. 5120.032(B)(2)(a), a person is ineligible for intensive program prison if he or she "previously has been imprisoned for aggravated murder, murder, or a felony of the first or second degree or a comparable offense under the law in effect prior to July 1, 1996." A person who is ineligible to participate in an intensive program prison is also ineligible for shock incarceration. R.C. 5120.031(A)(4).

**{¶ 29}** A trial court's disapproval of shock incarceration and intensive program prison is necessarily harmless when the defendant is not eligible for either program. *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, ¶ 26. Here, Felton had previously served a six-year sentence for rape and kidnapping, both first-degree felonies, and he was ineligible to participate in shock incarceration or intensive program prison. Accordingly, we find no arguably meritorious claim that the trial court committed reversible error in its disapproval of those programs.

**{¶ 30}** Finally, appellate counsel raises whether trial counsel rendered ineffective assistance. To establish the ineffective assistance of counsel, a defendant must

demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance. To succeed on such a claim, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the defendant's trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 31} Although we have identified some potential errors by the trial court, none of these errors was arguably prejudicial to Felton. Upon review of the entire record, we find no non-frivolous claim of ineffective assistance of counsel.

### III. Conclusion

{¶ 32} Having conducted our independent review of the record, we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Gary C. Schaengold
William D. Felton
Hon. Dennis J. Adkins