[Cite as *State v. Brooks*, 2017-Ohio-5825.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-17 |
| | : | |
| v. | : | T.C. NO. 16-CR-55 |
| | : | |
| LAVON O. BROOKS | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ____14th___ day of _____July_____, 2017.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 2600 Far Hills Avenue, Suite 315, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Lavon O. Brooks pled guilty in the Greene County Court of Common Pleas to an amended charge of aggravated possession of drugs, a third-degree felony; as part of the plea, three additional charges were dismissed.[1]   The trial court imposed an agreed

---

[1] As part of the plea agreement, Brooks also pled guilty to aggravated possession of

sentence of 30 months in prison with risk reduction programming. In its judgment entry, the trial court disapproved placement in an intensive program prison (IPP) and transfer to transitional control.

{¶ 2} Brooks appeals from his conviction, claiming that the trial court erred when it disapproved placement in IPP (1) without providing a factual basis for its disapproval and (2) after the court had "construed the plea agreement to include IPP along with risk reduction." For the following reasons, the trial court's judgment will be affirmed in part, reversed in part, and remanded for further proceedings.

{¶ 3} IPP "includes institutions that have military-type regimen programs as described in R.C. 5120.031 and institutions that focus on 'educational achievement, vocational training, alcohol and other drug abuse treatment, community service and conservation work, and other intensive regimens or combinations of intensive regimens.'" *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258, ¶ 11, quoting R.C. 5120.032(A).

{¶ 4} "At the time of sentencing, the court may recommend the offender for placement in * * * an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in * * * an intensive program prison of that nature, or make no recommendation on placement of the offender." R.C. 2929.14(I). However, "[i]f the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval." R.C. 2929.19(D).

{¶ 5} The trial court's judgment entry addressed IPP, stating, "IPP is approved/not

---

drugs, a fifth-degree felony, in Case No. 2015-CR-93. Brooks's appeal does not concern Case No. 2015-CR-93.

approved, sentence given is appropriate"; the phrase "is approved" was crossed out.

{¶ 6} In its appellate brief, the State acknowledges that Brooks was statutorily eligible for IPP, and it agrees with Brooks that the trial court's factual findings were inadequate. The State notes that we addressed a similar circumstance in *State v. Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, in which we reversed a judgment disapproving IPP when the trial court did not discuss IPP at sentencing and the sentencing entry simply stated, "IPP is approved/not approved, sentence given is appropriate"; as here, the phrase "is approved" was crossed out on the entry. We concluded in *Berry* that this statement was not a factual finding, commenting, "There may be facts in the record justifying disapproval of IPP, but the trial court did not refer to them when deciding to disapprove Berry for placement in IPP." *Id.* at ¶ 49. We reversed the portion of the judgment concerning the disapproval of IPP and remanded for further proceedings on this issue. *Id.*

{¶ 7} We agree with the State that this case is governed by *Berry* and other cases in which we have required the trial court to make findings that give its reasons for disapproving IPP. *See also, e.g., State v. Bailey*, 2d Dist. Greene No. 2014-CR-569, 2016-Ohio-2957. As in *Berry*, the phrase "the sentence is appropriate" is not a factual finding for purposes of R.C. 2929.19(D). Brooks's first assignment of error is sustained.

{¶ 8} The State argues, however, that the trial court did not err in failing to recommend IPP, because IPP was not a term of the plea agreement. The parties' plea agreement was memorialized in a Plea Agreement Report. The Plea Agreement Report, which addressed two pending cases against Brooks, read:

The Defendant will make a plea of guilty in **Case 2015 CR 0093** to **Count**

**One O.R.C. §2925.11(A)**, Aggravated Possession of Drugs, a felony of the fifth degree. Count Two will be dismissed. The Defendant will make a plea of guilty in **Case 2016 CR 0055** to **Amended Count Three O.R.C. § 2925.11(A)**, Aggravated Possession of Drugs, a felony of the third degree. Counts One, Two and Four will be dismissed. The State will not proceed on any charges from the incident on January 27, 2016. The parties stipulate to a 30-month prison sentence with Risk Reduction Programming in Case No. 2016 CR 0055 and Community Control in Case No. 2015 CR 0093.

(Emphasis in original.)

{¶ 9} At the plea hearing, the trial court reviewed the terms of the plea deal with Brooks, saying:

THE COURT: Now, I also have a document called a Plea Agreement Report, which is the written position of the Greene County Prosecutor's Office and the police in your case. I want to read this to make sure we're all on the same page and have the same understanding as to what this deal is. The Prosecutor says, the Defendant will plead guilty in Case 93 to aggravated possession of drugs, a felony of the fifth degree. Count 2 of the indictment will be dismissed. Defendant will plead guilty in case 55 to an amended Count 3, aggravated possession of drugs, a felony three, and Counts 1, 2, and 4 will be dismissed. The State will not proceed on any charges from the incident on January 27, 2015 [2] – I presume you

---

[2] Later in the plea hearing, the parties informed the court that the year should read "2016,"

understand what this is? I don't know.

DEFENDANT LAVON BROOKS: Yes.

THE COURT: And the parties stipulate to a 30-month prison sentence with Risk Reduction Programming in Case Number 2015 [sic] CR 55, and Community Control in Case Number 15 CR 93. Now, what I read, is that your understanding of the position of the Prosecutor and the police in your case?

DEFENDANT LEVON BROOKS: Yes.

THE COURT: Are there any other deals or conditions or promises present in this case that we haven't discussed?

DEFENDANT LAVON BROOKS: No.

{¶ 10} IPP was not included in the terms of the written plea agreement, and IPP was not mentioned at the plea hearing.

{¶ 11} IPP was first raised by Brooks at the sentencing hearing. In his allocution, Brooks apologized to the State and to his family, expressed regret at the "terrible mistake" that has resulted from his drug abuse, and asked the trial court "if with your compassion, that I can get granted IPP program." The court responded by asking about the agreed terms of disposition, and the attorneys responded that there was an agreement that there be a risk reduction sentence. The court then stated:

THE COURT: Actually having reviewed the plea agreement, it does say specifically that there's an agreement as to a 30-month prison sentence and Risk Reduction Programming, so I think * * * that would include IPP.

and the date was corrected on the Plea Agreement Report.

[PROSECUTOR]: That's correct.

[DEFENSE COUNSEL]: That's correct, Your Honor.

As stated above, the court imposed the 30-month prison sentence with Risk Reduction Programming.

{¶ 12} Based on the record, it is unclear whether IPP was included within the parties' agreement to a risk reduction sentence. The parties agreed in their written agreement to risk reduction programming as part of the 30-month prison sentence; they did not expressly agree to IPP as an additional term. As stated above, IPP was not mentioned at the plea hearing, and Brooks did not express that his plea was based on an understanding that he would receive IPP. When Brooks asked for IPP at sentencing, the court and the parties apparently agreed that IPP was "included" in the risk reduction sentence. However, it is unclear from the discussion at sentencing whether parties and the trial court understood that Brooks's risk reduction sentence included a recommendation by the trial court in favor of IPP, that the risk reduction sentence would include an evaluation by the Ohio Department of Rehabilitation and Correction of Brooks's eligibility and suitability for IPP (which would occur if the trial court made no recommendation regarding IPP pursuant to R.C. 5120.32(B)(1)(a)), or that IPP was precluded because the parties had agreed to risk reduction instead.

{¶ 13} In short, we cannot conclude, from the record before us, that the parties agreed that the court would expressly recommend IPP in addition to ordering the risk reduction sentence, and we cannot conclude that the trial court erred in failing to approve IPP as part of Brooks's sentence. However, in light of the discussion of IPP at Brooks's sentencing hearing, the trial court should determine upon remand whether the parties'

plea agreement included IPP, and if so, whether it included the possibility of IPP or a recommendation for IPP.

{¶ 14} Brooks's second assignment of error is overruled.

{¶ 15} Although not raised as an assignment of error by Brooks, the State notes in its appellate brief that the trial court also erred in disapproving transitional control in its judgment entry. The trial court's judgment entry read: "Transfer to Transitional control is approved/not approved"; the phrase "is approved" was crossed out, and the phrase "risk reduction" was handwritten after the statement. Citing *Berry*, the State acknowledges that we have "routinely held that a trial court errs when it prematurely disapproves of transitional control in its judgment entry." *Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, at ¶ 54. The State indicates that "this case should also be remanded to the trial court for the limited purpose of amending the judgment entry to delete the disapproval of the defendant for transitional control."

{¶ 16} The trial court's judgment will be reversed to the extent that it disapproves IPP and transitional control, and the matter will be remanded for further proceedings on those matters, consistent with this opinion. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Nathaniel R. Luken
Adam James Stout
Hon. Stephen A. Wolaver