[Cite as *State v. Kinstle*, 2019-Ohio-4478.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28264 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-683 |
| | : | |
| STEVEN KINSTLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Steven Kinstle, entered a guilty plea to aggravated possession of drugs (methamphetamine), a third degree felony, and he was sentenced to serve a 30-month prison term. After his appointed appellate counsel filed a brief under the authority of *California v. Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Kinstle filed a pro se brief. Kinstle's pro se assignments of error, with two exceptions, were waived by virtue of his guilty plea. The two exceptions (counsel promised him that he would be sentenced to community control sanctions (CCS) and the trial court did not inform him of the State's obligation to prove his guilt beyond a reasonable doubt), if accurate, could have affected the knowing, intelligent, and voluntary nature of the guilty plea, but neither contention is supported by the record. Thus, the trial court's judgment will be affirmed.

### Facts and Procedural History

{¶ 2} As noted, Kinstle was indicted for aggravated possession of drugs (methamphetamine), a third degree felony. Kinstle ultimately entered a guilty plea to the charge. There was no agreement regarding his sentence, but a presentence investigation was conducted. Kinstle did not appear for the scheduled sentencing hearing, and, as a result, an arrest warrant was issued. Several months later, Kinstle was arrested on the warrant, and a sentencing hearing was conducted. The trial court sentenced Kinstle to a 30-month prison term. This appeal followed.

{¶ 3} Kinstle's appointed counsel filed an *Anders* brief stating that she could not find any potentially meritorious issues for appellate review. In his pro se brief, Kinstle raises six assignments of error.

**Analysis**

**{¶ 4}** Kinstle's assignments of error are set forth as follows:

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Trial counsel was ineffective for failure to provide Defendant-Appellant with discovery after he was indicted, fail[ure] to suppress the evidence after it was discovered that the evidence does not exist, and mislead[ing] Defendant-Appellant into entering a guilty plea of the promise of probation, which deprived Defendant-Appellant right to effective assistance of counsel and due process.

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS WHEN THE STATE FAILED TO PROPERLY SERVE HIM WITH THE INDICTMENT

Defendant-Appellant was denied his rights under the 6th & 14th Amend[ments] to the U.S. Const[itution] and Ohio Const[itution] art[icle] I § 10 when the State failed to properly serve him the indictment before being arraigned on the charge. Defendant-Appellant has never been served an indictment.

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS BY THE STATE'S UNJUSTIFIABLE DELAY BETWEEN THE COMMISSION OF THE OFFENSE AND THE INDICTMENT

Defendant-Appellant['s] rights to due process under Ohio

Const[itution] art[icle] I § 16 and the Fifth and Fourteenth Amend[ments] to the U.S. Const[itution] were violated by the State's unjustifiable delay between the commission of the offense and Defendant-Appellant's indictment, which results in actual prejudice to the Defendant-Appellant.

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS WHEN THE STATE FAILED TO ANSWER DISCOVERY REQUEST

Defendant-Appellant['s] rights to due process under Ohio Const[itution] art[icle] I § 10 and the 6th & 14th Amend[ments] to the U.S. Const[itution] when the State failed to answer counsel's request for discovery before Defendant-Appellant entered a plea of guilty, which severally (sic) prejudiced him from knowing what evidence the State had against him.

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS BY THE STATE USING SHAM LEGAL PROCESS TO INDICT

Defendant-Appellant was denied his rights under the 5th & 14th Amend[ments] to the U.S. Const[itution] and Ohio Const[itution] art[icle] I § 10 when the State failed to apply the proper procedure when indicting the Defendant-Appellant by not having the jury foreman or the prosecutor signed (sic) the indictment, which denied Defendant-Appellant of due process.

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS BY THE TRIAL JUDGE FAILING TO ADVISE HIM AT SENENCING THAT THE STATE WOULD HAVE TO PROVE THE ELEMENTS OF THE

OFFENSE BEYOND A REASONABLE DOUBT WHICH RENDERS THE PLEA NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY

Defendant-Appellant was denied his rights under the 14th Amend[ment] to the U.S. Const[itution] and Ohio Const[itution] art[icle] I § 10 when the trial court judge violated Crim.R. 11 by failing to advise Defendant-Appellant that the State would have to prove each element of the offense, renders the guilty plea invalid.

{¶ 5} A guilty plea is a complete admission of guilt. *State v. Felton*, 2d Dist. Montgomery No. 27239, 2017-Ohio-761. "Consequently, a guilty plea waives all appealable errors that may have occurred in the trial court, unless such error precluded the defendant from knowingly, intelligently, and voluntarily entering his guilty plea * * *." *Id.* at ¶ 15, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3.

{¶ 6} With this in mind, we conclude that assignments of error two, three, four, and five raise issues which were waived by virtue of Kinstle's guilty plea to the indicted charge. These assignments of error are, as such, overruled.

{¶ 7} Kinstle's first assignment of error asserts that he was denied the effective assistance of trial counsel because counsel did not provide discovery to him, because counsel did not file a suppression motion, and because counsel misled him "into entering a guilty plea [based upon a] promise of [CCS] * * *." The first two assertions do not relate to Kinstle's guilty plea, and, thus, are waived. If, as asserted, counsel informed Kinstle that he would be sentenced to a term of CCS, this, arguably, could have affected the

knowing, intelligent, and voluntary nature of the guilty plea. However, there is nothing in the appellate record to support this assertion, and, in fact, the Crim.R. 11 colloquy suggests otherwise. In any event, upon the record before us, there is no merit to Kinstle's assertion that trial counsel promised him that he would be sentenced to a term of CCS. Based upon this and the waiver of the remaining ineffective assistance claims, Kinstle's first assignment of error is overruled.

{¶ 8} Kinstle's sixth assignment of error asserts that the trial court did not inform him that the State had the burden to prove each element of the offense beyond a reasonable doubt, in violation of Crim.R. 11. Under Crim.R. 11(C)(2)(c), a trial court must inform a defendant that the State must prove his guilt beyond a reasonable doubt. This, of course, is a constitutional right a defendant waives by entering a guilty plea. Since a constitutional right is involved, a trial court must strictly comply with the proof beyond a reasonable doubt notification requirement. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 21; *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11. At the plea hearing, Kinstle was informed of the elements of aggravated possession of drugs as a third degree felony, and the trial court informed him of the State's burden to prove his guilt beyond a reasonable doubt. The trial court, in short, strictly complied with the Crim.R. 11(C)(2)(c) requirement to inform the defendant that the State must prove his guilt beyond a reasonable doubt. Kinstle's sixth assignment of error is overruled.

{¶ 9} Finally, since an *Anders* brief was filed, we have reviewed the entire record. This review has not revealed any potentially meritorious appellate issues regarding Kinstle's plea, sentence, or any other matter.

## Conclusion

**{¶ 10}** The judgment of the Montgomery County Common Plea Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Steven Kinstle
Hon. Mary Katherine Huffman