**[Cite as *State v. Cornell*, 2020-Ohio-1305.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-0409 |
| | : | |
| TRINITY D. CORNELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of April, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Trinity D. Cornell, appeals from her conviction in the Greene County Court of Common Pleas after pleading guilty to one count of aggravated trafficking in drugs. Cornell's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. Upon conducting an independent review of the record, we found at least two issues with arguable merit for appeal; thus, we rejected the *Anders* brief and appointed new counsel. Cornell's newly-appointed appellate counsel now challenges the two aspects of her sentence raised by this court. The State concedes both errors. However, because the sentence imposed was mandatory, the error was necessarily harmless. For the reasons outlined below, the judgment of the trial court is affirmed.

## Facts and Course of Proceedings

{¶ 2} In June 2018, Cornell was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A)/(C)(1)(c) and one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2)/(C)(1)(d), both second degree felonies requiring mandatory sentences. The charges were lodged after law enforcement officers discovered Cornell in possession of a large quantity of methamphetamine during a traffic stop.

{¶ 3} As part of a plea agreement, Cornell agreed to plead guilty to the trafficking charge in exchange for dismissal of the possession charge and forfeiture of the seized methamphetamine. Cornell further agreed to financial sanctions not relevant to the instant appeal. The parties stipulated to a mandatory three-year prison term to be served

concurrently with the sentence Cornell was serving for aggravated assault in Greene C.P. No. 2018-CR-40. Whether Cornell would be approved or disapproved for intensive program prison ("IPP") was not discussed at the plea hearing and was not part of the written plea agreement.

{¶ 4} Following the requisite Crim.R. 11(C) colloquy, the trial court accepted Cornell's guilty plea to the terms outlined above. The matter proceeded to sentencing, during which the trial court conveyed its intent to impose the parties' agreed sentence. The court thereafter sentenced Cornell to a mandatory three-year prison term to be served concurrently with Cornell's sentence in Case No. 2018-CR-40. The court further imposed the agreed-upon financial sanctions.

{¶ 5} The sentencing entry was issued that same day. Although IPP was not discussed at the sentencing hearing, the entry reflected that IPP was "denied" for the reason that it was "agreed in plea." Judgment Entry (Sept. 17, 2018), p. 4. The sentencing entry also indicated that transfer to transitional control was "not approved." *Id.*

**Law and Analysis**

{¶ 6} Cornell proffers two assignments of error for our review. First, she argues that the trial court erred in disapproving of her placement into IPP without providing an adequate factual finding articulating its reasons as required by R.C. 2929.19(D). Second, Cornell argues that the trial court erred in prematurely foreclosing the possibility of transitional control in derogation of R.C. 2967.26. The State concedes both errors and proposes that the case be reversed and remanded for resentencing. We disagree.

{¶ 7} This court reviewed the relevant statutes governing IPP in *State v. Brooks*, 2d Dist. Greene No. 2016-CA-17, 2017-Ohio-5825:

> "At the time of sentencing, the court may recommend the offender for placement in * * * an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in * * * an intensive program prison of that nature, or make no recommendation on placement of the offender."   R.C. 2929.14(I).   However, "[i]f the court recommends or disapproves placement, *it shall make a finding that gives its reasons for its recommendation or disapproval.*"   R.C. 2929.19(D).

(Emphasis added.) *Brooks* at ¶ 4.

{¶ 8} As stated, the sentencing entry in the case at bar indicated IPP was denied as "agreed in plea."   The transcript of the plea hearing reveals that IPP was not discussed during the hearing or included in the written plea agreement.   *See State v. Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, ¶ 49. However, the trial court may have been alluding to Cornell's ineligibility for IPP as a result of the terms of the plea bargain.

{¶ 9} Cornell was not eligible for IPP because the trial court imposed a mandatory sentence. R.C. 5120.032(B)(2)(b).   If the court erred in not making the finding, such error was necessarily harmless where the defendant was subject to a mandatory sentence or otherwise not eligible for IPP. *State v. Waggoner*, 2d Dist. Montgomery No. 28453, 2020-Ohio-212, ¶ 24; *State v. Evilsizor*, 2d Dist. Champaign No. 2019-CA-14, 2019-Ohio-4090, ¶ 26 *State v. Kendall*, 2d Dist. Champaign No. 2019-CA-5, 2019-Ohio-2836, ¶ 26; *State v. Felton*, 2d Dist. Montgomery No. 27239, 2017-Ohio-761, ¶ 29; *State v. Waltz,* 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, ¶ 26.

{¶ **10**} Cornell's first assignment of error is overruled.

{¶ **11**} The transitional control issue calls for a similar disposition. R.C. 2967.26(A)(1)(b) provides that "no prisoner who is serving a mandatory prison term is eligible for the program until after the expiration of the mandatory term." Of course, here the entire sentence is mandatory.

{¶ **12**} We have held that the premature disapproval of transitional control in a trial court's judgment entry constitutes reversible error, even when the defendant is not eligible due to a mandatory sentence. *State v. Mays*, 2d Dist. Montgomery No 24168, 2012-Ohio-838, ¶ 19, fn.4. *See, e.g., Berry* at ¶ 41-49; *State v. Bates*, 2d Dist. Montgomery No. 23707, 2012-Ohio-6039, ¶ 47; *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258, ¶ 44 (2d Dist.). However, we found no error where the trial court stated in the sentencing entry that the defendant was not *eligible* for transitional control because the statement was accurate. *State v. Jones*, 2d Dist. Montgomery No. 24075, 2011-Ohio-4013, ¶ 46. The error may be cured on remand by excision of the offending portion from the judgment entry. *Mays* at ¶ 19; *Berry* at ¶ 54, quoting *Bates* at ¶ 47.

{¶ **13**} However, in light of our more recent decisions finding IPP "error necessarily harmless" when a defendant was ineligible, we find the same to apply to errors pertaining to transitional control. Since Cornell is serving a mandatory prison term rendering her ineligible for transitional control, we find that the error here was necessarily harmless.

{¶ **14**} Cornell's second assignment of error is overruled.

**Conclusion**

{¶ 15} Having overruled both of Cornell's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Marcy A. Vonderwell
April F. Campbell
Trinity D. Cornell
Hon. Stephen Wolaver