**[Cite as *State v. Thompson, Jr.*, 2020-Ohio-211.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28308 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3283 |
| | : | |
| ALVIN E. THOMPSON JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Alvin E. Thompson, Jr. appeals his conviction and sentence for the following offenses: Count I, having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; Count II, having weapons while under disability in violation of R.C. 2923.13(A)(3), also a felony of the third degree; Count III, failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5), a felony of the third degree; Count IV, endangering children in violation of R.C. 2919.22(A), a felony of the third degree; Count V, carrying concealed weapons in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; and Count VI, improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree.

{¶ 2} Thompson pleaded guilty to all of the counts in the indictment and waived a presentence investigation report (PSI).  In exchange for his guilty pleas, the parties agreed that Thompson would be sentenced to an aggregate prison term of seven and one-half years and would receive jail time credit of 159 days.

{¶ 3} After Thompson entered his pleas, the trial court proceeded directly to sentencing.   Following the merger of Counts I and II, the trial court imposed the following sentences: 24 months on Count I, having weapons under disability; 24 months on Count III, failure to comply with the order or signal of a police officer; 24 months on Count IV, endangering children; 18 months on Count V, carrying concealed weapons; and 18 months on Count VI, improper handling of a firearm in a motor vehicle.   The trial court then ordered that Counts I, III, and IV be served consecutively to one another, and Counts V and VI be served concurrently to each other but consecutively to Counts I, III, and IV, for an aggregate sentence of the agreed-upon seven and one-half years in prison.   The

failure to comply count (Count III) required a driver's license suspension of three years to life. The trial court imposed a 20-year license suspension. This appeal followed.

**Assignments of Error**

{¶ 4} Thompson's two assignments of error are as follows:

THOMPSON'S PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

THE TRIAL COURT FAILED TO MAKE FINDINGS TO SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES.

**Crim.R. 11(C)(2)(a) Maximum Penalty Advisement**

{¶ 5} Due process mandates that a guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) ensures that a plea meets this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is necessary to establish that a plea is consistent with due process. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 261, ¶ 18. But substantial compliance with the Crim.R. 11(C)(2)(a) and (b) non-constitutional plea requirement is sufficient to meet the due process requirement. Substantial compliance exists when the "totality of circumstances" permit the conclusion that the defendant "subjectively understands" the non-constitutional plea requirements.

*Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If, however, the trial court's compliance with the Crim.R. 11(C) non-constitutional requirements is only partial, an appellate court must undertake a prejudice analysis, with prejudice, in this context, being gauged by whether the defendant would otherwise have entered the plea. *Bishop* at ¶ 19, quoting *Clark* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 88 N.E.2d 1224, ¶ 22. If prejudice is not found, the plea will not be vacated. *Id.* Finally, if the trial court's Crim.R. 11(C)(2)(a) or (b) failure is complete, prejudice is presumed and the plea must be vacated. *Id.*

{¶ 6} A mandatory license suspension is part of a defendant's maximum penalty. Thus, Crim.R. 11(C)(2)(a) requires that a defendant be advised regarding the potential maximum duration of a mandatory license suspension. *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627; *State v. Greene*, 2d Dist. Greene No. 2005-CA-26, 2006-Ohio-480; *State v. Billenstein*, 3d Dist. Mercer No. 10-13-10, 2014-Ohio-255.

{¶ 7} In Thompson's case, the following exchange occurred at the plea hearing when the trial court realized it had failed to discuss the mandatory license suspension:

THE COURT: Okay. There's one thing I need to - - I did not go over with you, and I apologize. On Count - - hold on a second. On Count III, failure to comply with the order or signal of a police officer - - by pleading guilty to that one, your driver's license can be suspended for between three years and life. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. Does that change your plea as to Count III, failure to

comply with the order or signal of a police officer?

THE DEFENDANT: No.

The plea form Thompson signed did not remedy the trial court's imprecise statement suggesting a discretionary license suspension. In fact, the plea form seemed to indicate that Thompson's driver's license could be permanently suspended based upon a community control sanctions violation, which, even if community control sanctions were involved, was incorrect.

{¶ 8} Based upon the trial court's suggestion the license suspension was discretionary and the plea form's failure to cure the trial court's misstatement, we conclude there was not substantial compliance with the Crim.R. 11(C)(2)(a) maximum penalty advisement. The totality of the circumstances simply does not allow the conclusion that Thompson subjectively understood the license suspension was mandatory.

{¶ 9} Going to the next step, we conclude there was partial compliance with the required maximum penalty advisement regarding the license suspension. The Supreme Court, in an analogous situation, has ruled that a trial court's failure to discuss post-release control constitutes a complete failure to comply with the maximum penalty advisement. *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 88 N.E.2d 1224, at ¶ 22. Discussing this conclusion, the *Sarkozy* court stated that "the trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary." *Id.* This language obviously suggests that such misstatements would constitute partial Crim.R. 11(C)(2)(a) compliance.

{¶ 10} Consistent with the Supreme Court's suggestion, we have ruled that partial Crim.R. 11(C)(2)(a) compliance occurs when a defendant is incorrectly informed that post-release control is discretionary instead of mandatory. *State v. Russell*, 2d Dist. Montgomery No. 27473, 2018-Ohio-2571, ¶ 29; *State v. Hastings*, 2d Dist. Montgomery Nos. 27212, 27213, 2018-Ohio-422, ¶ 23; *State v. Knox*, 2d Dist. Montgomery 25774, 2015-Ohio-4198. Consistent with this authority, we conclude the trial court's statement to Thompson that "your driver's license can be suspended for between three years and life" constituted partial compliance with the Crim.R. 11(C)(2)(a) maximum penalty advisement.

{¶ 11} In reaching this conclusion, we are aware of our decision in *Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627; this decision is distinguishable. As here, Walz pleaded guilty to failure to comply with an order or signal of a police officer, triggering a mandatory license suspension of between three years and life. The plea form correctly informed Walz of the length and mandatory nature of the suspension, But the trial court, during the plea colloquy, did not mention a license suspension, and, in fact, affirmatively informed Walz that the discussed penalties (prison term, fines, and post-release control) were "all the potential penalties" he faced. *Id.* at ¶ 16. We ruled that the trial court's incorrect "all potential penalties" statement overcame the correct plea form, making Walz's plea less than voluntary, knowing, and intelligent. *Id.* at ¶ 17, citing *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). This conclusion eliminated the possibility of partial compliance.

{¶ 12} If, in the pending case, the trial court had not discussed a license suspension during the plea colloquy or, after discussing the other potential penalties, had

stated "these are all the penalties you face," there would have been a complete Crim.R. 11(C)(2)(a) failure. But this is not what occurred, distinguishing *Walz* from the pending case. Thus, a prejudice analysis is required.

**Prejudice Analysis**

{¶ 13} The record does not support a conclusion that, had Thompson been informed that the license suspension was mandatory, he would have decided to forego the negotiated plea agreement. The plea hearing transcript reflects that Thompson entered the plea on Friday, January 25 before the scheduled Monday, January 28 jury trial. The transcript also reflects the negotiations concerning Thompson's sentence, which resulted in the discussed seven and one-half year prison term. The transcript also reveals that Thompson was on post-release control, but the trial court informed him of its intention to terminate the post-release control, thus eliminating the possibility that the parole board could effectively increase the prison term. Finally, as already discussed, the trial court informed Thompson that his license could be suspended for three years to life. Thompson, when so informed, told the trial court that the prospect of a lengthy (perhaps lifetime) suspension did not alter his plea decision. The record supports the conclusion that Thompson, facing an impending trial on multiple serious charges, was primarily concerned with the length of the prison term, and that the prospect of a lengthy license suspension was not an overriding concern. In short, the record does not support a conclusion that Thompson would not have entered the plea if the trial court had used the word "will" instead of "can" with regard to the license suspension.

{¶ 14} Since the trial court partially complied with the Crim.R. 11(C)(2)(a)

maximum penalty advisement and the record does not support a finding of prejudice, Thompson's first assignment of error is overruled.

## Consecutive Sentences

{¶ 15} Thompson's second assignment of error asserts the trial court erred because it did not make the consecutive sentence findings required by R.C. 2929.14(C)(4). This argument is incorrect.

{¶ 16} If, as here, an agreed-upon sentence "includes non-mandatory consecutive sentences and the trial court fails to make the consecutive sentence findings * * *, the sentence nonetheless is 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 30. Also, the trial court was required to impose a consecutive sentence regarding the failure to comply count. Since this consecutive sentence was "mandated by law, the trial court * * * was not required to make the [R.C. 2929.14(C)(4)] findings * * *." *State v. Tonn*, 2d Dist. Greene Nos. 2004-CA-36, 2004-CA-37, 2005-Ohio-2021, ¶ 27. Thus, the trial court did not err by failing to make the R.C. 2929.14(C)(4) consecutive sentence findings. The second assignment of error is overruled.

## Conclusion

{¶ 17} Having overruled Thompson's assignments of error, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., dissents:

{¶ 18} I dissent. Thompson was given misinformation during the plea colloquy. He was informed that a license suspension "can" be imposed when in fact it was mandatory; hence, he was not informed of the maximum penalty for failure to comply in accordance with Crim.R. 11(C)(2). Furthermore, the plea form also did not inform Thompson of the mandatory license suspension. In fact, there was misinformation contained therein which erroneously tied a mandatory license suspension to a violation of community control. I would find no compliance and vacate the plea as this court did in *Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, and *State v. Greene*, 2d Dist. Greene No. 2005-CA-26, 2006-Ohio-489. As Judge Grady noted in his dissent in *Greene*, "a mandatory suspension of driving privilege is a serious adverse consequence of a guilty plea." *Greene* at ¶ 23. Thompson's 20-year license suspension is indeed longer than his prison term. Furthermore, "when material misinformation about the consequence of a guilty plea is conveyed to a defendant, and the court by its silence fails to correct the mistake, the failure renders the plea less than knowing, intelligent, and voluntary." *Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). I would reverse.


Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Robert Alan Brenner
Hon. Mary Katherine Huffman