[Cite as *State v. Stephen*, 2020-Ohio-2745.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-50 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-307 |
| | : | |
| CRYSTAL D. STEPHEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of May, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Court House, Ohio 43160
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Crystal D. Stephen appeals from her conviction and sentence following a no-contest plea to two counts of fourth-degree-felony vehicular assault.

{¶ 2} Stephen's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appellate review. Counsel did identify one potential issue regarding the trial court's compliance with Crim.R. 11 during Stephen's plea hearing. Counsel has concluded, however, that the issue lacks arguable merit. We notified Stephen of counsel's *Anders* filing and granted her 60 days to file a pro se brief. The time for doing so has expired, and no pro se brief has been filed.

{¶ 3} The record reflects that Stephen was charged by bill of information with two counts of vehicular assault and one count of misdemeanor operating a vehicle under the influence (OVI) on May 15, 2019.   The charges involved Stephen crashing her car while intoxicated and injuring several people, including two passengers in her car, one of whom was left paralyzed.[1]  She entered a no-contest plea to the charges during a May 20, 2019 plea hearing. (May 20, 2019 Plea Tr. 5) The trial court accepted the plea and made a finding of guilt. (Order Accepting Plea, May 20, 2019.) The case proceeded to a July 17, 2019 sentencing hearing. At the conclusion of the hearing, the trial court sentenced

---

[1] Stephen originally was charged with aggravated vehicular assault under two prior trial court case numbers. Those cases were dismissed without prejudice, and Stephen was charged by information with two counts vehicular assault and one count of OVI in the above-captioned trial court case, Greene C.P. No. 2019-CR-307. Although Stephen's notice of appeal listed all three trial court case numbers, we dismissed the appeal on December 5, 2019 insofar as it arose from the two dismissed trial court cases. Thus, the scope of the present appeal is limited to trial court Case No. 2019-CR-307. (*See* Decision and Entry, Dec. 5, 2019.)

Stephen to concurrent 18-month prison terms for the vehicular assaults. It imposed no sentence for the OVI, finding it to be an allied offense of similar import. The trial court also suspended Stephen's driver's license for five years and imposed up to three years of discretionary post-release control. (July 17, 2019 Disp. Tr. 42.) This appeal followed.

{¶ 4} The issue raised in counsel's *Anders* brief concerns the adequacy of Stephen's plea hearing. Counsel questions whether the trial court assured that Stephen understood the effect of her no-contest plea as required by Crim.R. 11. After examining the plea-hearing transcript, however, counsel makes no specific argument and concludes that "the trial court was in full compliance with all applicable rules and statutes in accepting the plea and imposing the given sentence." (*Anders* brief at 11.)

{¶ 5} This court recently summarized the standards governing Crim.R. 11 notifications as follows:

> Due process mandates that a guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) ensures that a plea meets this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is necessary to establish that a plea is consistent with due process. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 261, ¶ 18. But substantial compliance with the Crim.R. 11(C)(2)(a) and (b) non-constitutional plea requirement is sufficient

to meet the due process requirement. Substantial compliance exists when the "totality of circumstances" permit the conclusion that the defendant "subjectively understands" the non-constitutional plea requirements. *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If, however, the trial court's compliance with the Crim.R. 11(C) non-constitutional requirements is only partial, an appellate court must undertake a prejudice analysis, with prejudice, in this context, being gauged by whether the defendant would otherwise have entered the plea. *Bishop* at ¶ 19, quoting *Clark* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 88 N.E.2d 1224, ¶ 22. If prejudice is not found, the plea will not be vacated. *Id.* Finally, if the trial court's Crim.R. 11(C)(2)(a) or (b) failure is complete, prejudice is presumed and the plea must be vacated. *Id.*

*State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5.

{¶ 6} On April 14, 2020, the Ohio Supreme Court released *State v. Miller,* Ohio Slip Opinion No. 2020-Ohio-1420, __ N.E.3d __. Therein the court reaffirmed that a trial court must strictly comply with informing the defendant, and determining that he understands, that he is "waiving" each of the constitutional rights enumerated in Crim.R. 11(C)(2)(c). However, *Miller* explained that verbatim recitation of the words in the subsection of the rule, particularly with respect to the term "waiving," is not required. "We accordingly hold that a trial court strictly complies with Crim.R. 11(C)(2)(c) when in its plea colloquy with the defendant, it advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule." *Id.* at ¶ 19*.* "Common sense tells us that the trial judge's use of easily understood words

conveyed to Miller that he would be waiving certain constitutional rights." *Id.* at ¶ 21.

{¶ 7} With the foregoing standards in mind, we conclude that any argument about the trial court's compliance with Crim.R. 11 is wholly frivolous. The trial court strictly complied with the constitutional requirements of Crim.R. 11(C)(2)(c). It advised Stephen and assured her understanding that she was waiving her rights to jury trial, to confront witnesses against her, to have compulsory process for obtaining witnesses in her favor, and to require the State to prove her guilt beyond a reasonable doubt at a trial at which she could not be compelled to testify against herself. (Plea Tr. at 14-15.) The trial court also complied with Crim.R. 11(C)(2)(a) by determining that Stephen was making her plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. (*Id.* at 9-28.) With regard to the potential penalty, the trial court spelled out the maximum penalty for the vehicular assault charges. (*Id.* at 17.). Although we do not see where the trial court identified the maximum penalty for misdemeanor OVI, it did correctly advise Stephen that she would not be sentenced for OVI, as it was an allied offense of similar import. (*Id.* at 17, 25.) Under these circumstances, we see at least substantial compliance with Crim.R. 11(C)(2)(a). The trial court also fully complied with Crim.R. 11(C)(2)(b) by advising Stephen of, and determining her understanding of, the effect of her plea and the fact that the court, upon acceptance of the plea, could proceed with judgment and sentence. (*Id.* at 14-23, 28.) Based on our review of the plea-hearing transcript, we agree with counsel's assessment that no non-frivolous issue exists with regard to Crim.R. 11.

{¶ 8} Finally, in satisfaction of our responsibilities under *Anders*, we independently have examined the record to determine whether the present appeal is wholly frivolous.

Our review encompasses the trial court's entire docket, including its judgment entry, as well as the plea and sentencing transcripts and a presentence investigation report. We note that the trial court's judgment entry initially stated, incorrectly, that Stephen had been convicted upon a "plea of guilty." (July 18, 2019 Judgment Entry.) The trial court subsequently corrected the record through an amended judgment entry, making clear that Stephen had been convicted by the trial court after a no-contest plea. (July 26, 2019 Amended Judgment Entry.) We also specifically have reviewed and considered the propriety of Stephen's aggregate 18-month prison sentence and her five-year driver's license suspension. The record reflects that the trial court fully and accurately addressed both issues, and we see no non-frivolous grounds for challenging Stephen's sentence, or any other issue, on appeal.

{¶ 9} Having found no non-frivolous issues for appellate review, we hereby grant Stephen's counsel's request to withdraw from further representation. The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Marcy A. Vonderwell
Steven H. Eckstein
Crystal D. Stephen
Hon. Stephen Wolaver