[Cite as *State v. Jackson*, 2021-Ohio-4336.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29107 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-63 |
| | : | |
| ANTOINE JACKSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of December, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DAVID E. STENSON, Atty. Reg. No. 0042671, 131 North Ludlow Street, Suite 316, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Antoine Jackson, pleaded guilty to one count of unlawful sexual conduct with a minor, and he was sentenced accordingly. Appointed appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating he could not find any potentially meritorious appellate issues. After conducting an independent review of the record, we agree with counsel's assessment. As such, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Jackson was charged through a bill of information with unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a third-degree felony. Jackson pled guilty to the offense. During the plea hearing, Jackson acknowledged that he was serving two community control sanctions (CCS) sentences (in Montgomery C.P. Nos. 2015-CR-3793 and 2018-CR-829); he further acknowledged that he understood that by pleading guilty he was admitting to violating a condition of his CCS. After receiving a presentence investigation report (PSI) and conducting a sentencing hearing, the trial court sentenced Jackson to a five-year prison term. The trial court ordered an incomplete termination of the CCS in Jackson's other cases. The trial court also classified Jackson as a Tier II sexual offender. This appeal followed.

{¶ 3} As noted, Jackson's appointed appellate counsel has filed an *Anders* brief; he has also requested leave to withdraw as Jackson's attorney. Jackson was advised of his right to file a pro se brief, but such a brief has not been filed.

## *Anders* Standard

{¶ 4} When counsel files an *Anders* brief, an appellate court must determine, "after

a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous simply because the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue is one about which "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find any issue that is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent Jackson.

### *Anders* Analysis

{¶ 5} Consistent with his duties under *Anders*, counsel has suggested two potential assignments of error. The first is that Jackson's plea was not knowing, intelligent, and voluntary, and the second is that Jackson's sentence is contrary to law.

{¶ 6} To "satisfy the requirements of due process, a plea of guilty * * * must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate" as much. *State v. Chessman*, 2d Dist. Greene No. 03-CA-100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12, citing *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012-Ohio-199, ¶ 13. A trial court accordingly "must comply with Crim.R. 11(C)" before accepting a plea. (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6; *Chessman* at ¶ 15.

{¶ 7} Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain

constitutional rights, and strict compliance with this part of the rule is required.   *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5.   Where a trial court fails to comply strictly with Crim.R. 11(C)(2)(c), the defendant's plea should be deemed invalid on appeal.   *See State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 16; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31-32.

{¶ 8} Crim.R. 11(C)(2)(a) requires that a trial court determine whether a defendant is "making [his] plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court inform the defendant of the consequences of the plea.   Given that these parts of the rule relate to nonconstitutional issues, the "defendant must affirmatively show prejudice to invalidate [his] plea" where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b).   (Citation omitted.)   *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14; *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 16 (12th Dist.).   To show that he was prejudiced by the trial court's partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must demonstrate that he "would [not] otherwise have entered the plea." *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5.   Where a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), however, a defendant's plea should be invalidated on appeal, and the defendant need not show prejudice.   *Dangler* at ¶ 14; *Rogers* at ¶ 16.

{¶ 9} In Jackson's case, the trial court strictly complied with all aspects of Crim.R. 11.   This compliance included the trial court's informing Jackson of his mandatory designation as a Tier II sexual offender.   The trial court also informed Jackson of the reporting and other requirements associated with the designation, the consequences of

non-compliance with any designation requirement, and the length (25 years) of a Tier II designation. The trial court's Crim.R. 11 compliance also included informing Jackson that he would be on post-release control (PRC) for five years following his release from prison. The trial court informed Jackson that he would be supervised by the parole board, and he was informed of the consequences associated with a violation of PRC or the commission of a new felony while on PRC. Finally, though not directed to Crim.R. 11, Jackson was informed of his right to be indicted by a grand jury and that, after being served with the bill of information, he had no obligation to enter a plea for a 24-hour period. Jackson orally waived these rights and executed waiver documents regarding each right. In short, based upon our review of the plea colloquy, it would be frivolous to argue that Jackson's plea was not knowing, intelligent, and voluntary.

{¶ 10} Turning to counsel's second suggested assignment of error, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 11} Last year, the Ohio Supreme Court decided *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. In *Jones*, the Supreme Court noted that R.C. 2953.08(G)(2)(a) allows "appellate courts to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under'

certain specified statutory provisions. But R.C. 2929.11 and R.C. 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28, quoting R.C. 2953.08(G)(2)(a). From this, the Supreme Court concluded that R.C. 2953.08(G)(2)(a) does not provide a basis to modify or vacate a sentence because it is not supported under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 29.

{¶ 12} *Jones* also noted that R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it is "otherwise contrary to law." *Id.* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). But the Supreme Court ruled that an appellate court may not vacate or modify a sentence based upon the conclusion that the sentence is contrary to law because it "is not supported under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39.

{¶ 13} In Jackson's case, the record reflects the trial court's consideration of R.C. 2929.11 and R.C. 2929.12, and the five-year sentence was within the statutory sentencing range. Given the discussed case law and the record in this case, it would be frivolous to argue that Jackson's sentence is contrary to law or otherwise subject to vacation or modification.

{¶ 14} In addition to our review of the suggested assignments of error, we have reviewed the entire record. This review has not revealed any potentially meritorious appellate issues.

## Conclusion

{¶ 15} Finding no potentially meritorious appellate issues, counsel is permitted to withdraw as Jackson's attorney. The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
David E. Stenson
Antoine Jackson
Hon. Gerald Parker