[Cite as *State v. Fowler*, 2026-Ohio-1212.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-35 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CR 0179 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| KEVIN L. FOWLER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 3, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

RICHARD L. KAPLAN, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HUFFMAN, J.

**{¶ 1}** Kevin Fowler appeals from a judgment entry of conviction on two counts of pandering sexually oriented matter involving a minor or impaired person ("pandering"). For the following reasons, the judgment of the trial court is affirmed.

## Facts and Procedural History

**{¶ 2}** On April 11, 2025, Fowler was indicted on two counts of pandering and two counts of illegal use of a minor or impaired person in nudity-oriented material or performance. At disposition on July 7, 2025, and pursuant to a plea agreement, Fowler pleaded guilty to two counts of pandering, and the balance of the indictment was dismissed. The court sentenced Fowler to 42 months on each count, to be served concurrently, and Fowler was designated a Tier II sex offender. He timely appealed.

## Assignment of Error and Analysis

**{¶ 3}** Fowler asserts one assignment of error. He argues that his guilty pleas did not comply with Crim.R. 11(C) because "the indictment and the plea included facts which do not appear to be in evidence." According to Fowler, the "record is devoid of information which would aid in [his] understanding exactly what he was pleading to."

**{¶ 4}** "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v. Bishop,* 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. Crim.R. 11(C) governs pleas of guilty in

felony cases, and a "trial court's compliance with Crim.R. 11(C) ensures that a plea comports with due process." *State v. Perdue*, 2022-Ohio-722, ¶ 10 (2d Dist.).

**{¶ 5}** "Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required." *State v. Jackson*, 2021-Ohio-4336, ¶ 7 (2d Dist.), citing *State v. Thompson*, 2020-Ohio-211, ¶ 5 (2d Dist.). "Where a trial court fails to strictly comply with Crim.R. 11(C)(2)(c), the defendant's plea should be deemed invalid on appeal." (Citations omitted). *Id.*

**{¶ 6}** Crim.R. 11(C)(2)(a) requires that a trial court ascertain whether a defendant is "making the plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court ascertain that the defendant understands "the effect of the plea of guilty." These parts of the rule relate to nonconstitutional issues, and the "'defendant must affirmatively show prejudice to invalidate the plea where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b).'" *Jackson* at ¶ 8, quoting *State v. Dangler*, 2020-Ohio-2765, ¶ 14. To demonstrate prejudice resulting from partial noncompliance with Crim.R. 11(C)(2)(a) and (b), the defendant must show that he "would [not] have otherwise entered the plea." *Id.*, citing *Thompson*. If, however, a trial court completely fails to comply with Crim.R. 11(C)(2)(a) and (b), the defendant's plea should be invalidated on appeal, and a showing of prejudice is not required. *Id.*, citing *Dangler* at ¶ 14.

**{¶ 7}** Crim.R. 11 does not require a trial court to establish a factual basis before accepting a guilty plea to a felony charge. *State v. Matthews*, 2020-Ohio-1286, fn.1 (8th Dist.). "A guilty plea admits the facts set forth in the indictment, not the [underlying] facts set forth at the plea hearing." *State v. Riddle*, 2017-Ohio-1199, ¶ 34 (2d Dist.), quoting *State v. Greathouse,* 2004-Ohio-3402, ¶ 8 (2d Dist.). "Pleading guilty is 'an admission of every

3

material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment.'" *Id.*, quoting *Greathouse* at ¶ 7.

{¶ 8} The indictment's description of pandering is nearly identical to the language of R.C. 2907.322, which states: "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following: . . . (5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality."

{¶ 9} Fowler does not argue that there is no factual basis for the pandering charges, and he did not indicate at the plea hearing that he did not understand the nature of the pandering offenses. Fowler advised the court that he had reviewed his plea form and the Crim.R. 11 notification and waiver form with defense counsel and that he thoroughly understood them. The notification and waiver form states, in part, "I understand the nature of the charge(s)," and in the course of the hearing, Fowler said, "I understand my charges." Fowler further acknowledged his understanding that at a trial, the State would have had "to prove each and every element of each charge" to the jury beyond a reasonable doubt.

{¶ 10} The following exchange occurred:

THE COURT: So as to Counts 1 and 3, both being violations of 2907.322(A)(5) - - these are both Pandering Sexually Oriented Matter Involving a Minor or Impaired Person, both felonies of the third degree - - Mr. Fowler, how do you plead?

THE DEFENDANT: Guilty.

{¶ 11} We have no basis to conclude that Fowler did not understand "exactly what he was pleading to" as he asserts. In pleading guilty, he admitted the facts set forth in the indictment, and the record reflects that his pleas were entered knowingly, intelligently, and

4

voluntarily. Fowler's assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.